RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 11a0211p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

        *v.*

        No. 09-6498

DARRELL D. WALKER,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee of Chattanooga.
No. 09-00032-001—Curtis L. Collier, Chief District Judge.

Decided and Filed: August 11, 2011

Before: KEITH, CLAY, and COOK, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Mary Ellen Coleman, FEDERAL DEFENDER SERVICES OF EASTERN
TENNESSEE, INC., Chattanooga, Tennessee, for Appellant. James T. Brooks,
ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellee.

_____

**OPINION**

_____

COOK, Circuit Judge. Federal prisoner Darrell Walker challenges the substantive reasonableness of his thirty-six-month sentence for escape. Finding that the district court impermissibly lengthened Walker's sentence to promote his rehabilitation, we vacate his sentence and remand for resentencing.

I.

Walker's history of chronic drug abuse and mental illness has resulted in numerous criminal charges.  His current conviction stems from an escape from supervised release, an action he partially attributes to issues with his medication.  The district court summarized the uncontroverted facts surrounding the offense:

> On or about September 15,[] 2005, Darrell Walker was sentenced by United States District Judge R. Allen Edgar to a term of 36 months for two felonious counts of credit card fraud . . . .  On or about January 23, 2009, Walker was assigned to the Salvation Army Halfway House in Chattanooga, Tennessee.  While at the Salvation Army Halfway House in Chattanooga, Tennessee, Walker was lawfully confined at the direction of the Attorney General and thereby remained in the custody of the Attorney General by virtue of the above described felony convictions.  On or about January 29, 2009, Walker signed himself out of the Salvation Army Halfway House in Chattanooga, Tennessee and knowingly and willfully failed to return by 5:00 p[.]m.  Walker's failure to return by 5:00 p.m. was a willful failure to remain within the extended limits of his confinement and constituted an escape.  Walker wil[l]fully remained outside the extended limits of his confinement until he was apprehended on February 19, 2009.

Once in custody, Walker pleaded guilty without the benefit of a plea agreement.

Walker's presentence investigation report started with a base offense level of thirteen, but applied two reductions—four levels for escape from non-secure custody and two levels for acceptance of responsibility—to arrive at a total offense level of seven. His twenty-three criminal history points yielded a criminal history score of VI. Together, these figures gave rise to an advisory guidelines range of fifteen to twenty-one months' imprisonment.

Prior to sentencing, Walker moved for an additional downward departure or variance, citing his diminished mental capacity and cooperation with law enforcement. The court, however, noted that it was considering an above-guidelines sentence in light of Walker's record (which included twenty-nine prior convictions—all but two for drug-related offenses), the nature of the offense, and Walker's need for drug treatment spanning longer than the guidelines' recommended sentence.  During its colloquy, the

court reasoned that a longer incarceration would best serve both Walker and society by ensuring that he received "the benefit of all that the government can offer" in terms of treatment. Following this explanation, the court announced a thirty-six-month sentence. Walker now appeals.

II.

We review a district court's sentencing decision under a two-part test, ensuring first "that the district court committed no significant procedural error," and second that the sentence imposed was substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005) (providing examples of substantive unreasonableness such as "selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent § 3553(a) factors, or giving an unreasonable amount of weight to any pertinent factor" (footnote omitted)).  Neither party raises procedural challenges, and our own parsing of the sentencing-hearing transcript reveals no evidence of such error.  We therefore move directly to substantive reasonableness, which we review "under a deferential abuse-of-discretion standard." *Gall*, 552 U.S. at 41.

Walker attacks his sentence on two grounds:  first, the sentence "is greater than necessary to fulfill the requirements of 18 U.S.C. § 3553(a)," and second, the court improperly rooted its upward variance in concerns for Walker's psychiatric and rehabilitative needs.

We reject Walker's first argument, which conflates the district court's sentencing mandate with the appellate court's scope of review.  While § 3553(a) requires that the *district* court "impose a sentence sufficient, but not greater than necessary" to comply with its purposes, 18 U.S.C. § 3553(a), "[r]easonableness[—not parsimony—]is the standard *appellate* courts use to evaluate the district court's accomplishment of its sentencing task," *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007).  "The fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal, particularly where the district court followed the mandate of § 3553(a) in all relevant respects." *United States v. Dexta*, 470 F.3d 612, 616 (6th Cir.

2006) (internal quotation marks and citation omitted); *see also United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007) ("The mere fact that [a defendant] desired a more lenient sentence, without more, is insufficient to justify our disturbing the reasoned judgment of the district court."). Walker's primary contention thus provides no independent grounds upon which to dispute the reasonableness of his sentence on appeal.

We move to Walker's second challenge—that, in deciding to sentence above the guidelines, the court improperly relied upon Walker's need for rehabilitation and psychiatric treatment. Although § 3553(a)(2)(D) requires that sentencing courts consider a defendant's need for "educational or vocational training, medical care, or other correctional treatment," § 3582(a) cautions "that imprisonment is not an appropriate means of promoting correction and rehabilitation." The Supreme Court recently resolved any potential conflict between these provisions, holding that "a court may not *impose or lengthen* a prison sentence to enable an offender to complete a treatment program or otherwise promote rehabilitation." *Tapia v. United States*, No. 10-5400, 2011 WL 2369395, at *9 (June 16, 2011) (emphasis added). And, upon reviewing Walker's sentencing transcript, we find that the court did precisely what *Tapia* forbids. In light of this intervening precedent, we conclude that the district court "bas[ed] the sentence on impermissible factors," *see Webb*, 403 F.3d at 385, thus rendering its decision substantively unreasonable.

### III.

We accordingly vacate Walker's sentence and remand his case for resentencing consistent with this opinion.