NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0203n.06

No. 18-2212

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Apr 23, 2019<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| ALLEN DUNCAN, JR., | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: COLE, Chief Judge; BOGGS and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Allen Duncan pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). After serving his full term of imprisonment, Duncan was put on supervised release. Duncan violated the terms of his release and pled guilty to three violations. Citing Duncan's extensive criminal history and failure to comply with the terms of his supervised release, the district court revoked Duncan's release and sentenced him to twelve months in prison with no supervised release to follow. Duncan appeals that sentence as procedurally and substantively unreasonable, challenging the district court's analysis of § 3553(a) sentencing factors. We affirm the district court's revocation of supervised release and imposition of the twelve-month custodial sentence.

I.

On August 8, 2012, federal agents executed a search warrant on Duncan's residence in Detroit, Michigan. Pursuant to the warrant, agents seized several firearms and various drugs

including narcotic painkillers, benzodiazepines, marijuana, and heroin. Duncan was arrested without incident and later released. A record check revealed that Duncan had three prior felony convictions, including a 2007 federal conviction for conspiracy to distribute oxycodone. At the time of the search, Duncan was on supervised release for that 2007 conviction. Duncan was re-arrested and indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Duncan pled guilty pursuant to a plea agreement under Fed. R. Crim. P. 11, and the district court sentenced Duncan to 54 months in prison followed by three years of supervised release. The terms of Duncan's release included the standard conditions of supervision, as well as other "special conditions of supervision" specific to Duncan. Relevant here, the conditions of Duncan's post-release supervision included that: (1) "[t]he defendant shall not commit another federal, state or local crime"; (2) "the defendant shall not leave the judicial district without the permission of the court or probation officer"; and (3) "the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer[.]" DE 26, J., Page ID 70.

Duncan's supervised release commenced in December 2017, after he served his 54-month term with the Bureau of Prisons. On February 28, 2018, police arrested Duncan and six others in Walker, Michigan on suspicion of prescription fraud. Duncan was charged in Michigan state court with obtaining a controlled substance by fraud; he ultimately pled guilty to unlawful possession of prescription forms, a misdemeanor.

In May 2018, Duncan ran a stop sign in Redford, Michigan and was issued a citation. Duncan failed to report this citation to his probation officer, as required by the terms of his release.

On August 1, 2018, Duncan's probation officer filed a violation report, alleging that Duncan committed four release violations. The report alleged that Duncan violated the terms of

his supervised release by (1) committing another crime, (2) leaving the Eastern District of Michigan without permission, (3) associating with persons convicted of a felony without permission, and (4) failing to notify his probation officer within 72 hours of being issued a traffic citation. Duncan pled guilty to violations (1), (2), and (4), and the court dismissed violation (3).

At the sentencing hearing on September 18, 2018, Duncan asked the court to reinstate supervised release as a first option or, in the alternative, to impose a period of home confinement. In short, Duncan sought a non-custodial sentence for his release violations, claiming that "to punish [him] with prison time is not going to help." DE 43, Sentencing Tr., Page ID 162. The United States Sentencing Guidelines provided a range of seven to thirteen months' imprisonment for Duncan's violations.

At the hearing, the district court considered the sentencing factors set forth in 18 U.S.C. § 3553(a). The court recited the factual bases for the three release violations and considered the nature and circumstances of those offenses. The court also considered Duncan's history and characteristics, noting Duncan's history of drug offenses, education level, technical skills, and family obligations. Concerning the need for the sentence to reflect the seriousness of the offense and to promote respect for the law, the court emphasized that Duncan's release violations were serious and that Duncan's conduct reflected a lack of respect for the law. Considering deterrence and public protection, the court opined that, "in all great probability, when [Duncan] get[s] out, [he's] going to continue to push [p]ills." DE 43, Sentencing Tr., Page ID 167. Finally, the court reviewed the kinds of sentences available, including the two-year maximum, the Guidelines range, and supervised release.

The district court then entered a judgment revoking Duncan's supervised release and sentencing him to twelve months' imprisonment with no supervised release to follow. Duncan timely appealed.

II.

Duncan contends that the district court's sentencing decision was both procedurally and substantively unreasonable. We review a district court's sentencing decision—including the revocation of supervised release—for reasonableness under an abuse-of-discretion standard. *United States v. Adams*, 873 F.3d 512, 516 (6th Cir. 2017); *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007) (holding that "post-*Booker*, this Circuit will review supervised release revocation sentences . . . under a deferential abuse of discretion standard for reasonableness" (internal quotation marks omitted)). The reasonableness inquiry is two-fold, and we must vacate if a sentence is procedurally or substantively unreasonable. *Adams*, 873 F.3d at 516–17; *United States v. Houston*, 529 F.3d 743, 753 (6th Cir. 2008).[1] Our inquiry begins with procedural reasonableness and then turns to substantive reasonableness. *See Bolds*, 511 F.3d at 581; *see also Gall v. United States*, 552 U.S. 38, 49 (2007).

*A. Procedural Reasonableness*

In evaluating a sentence for procedural reasonableness, we ask, *inter alia*, whether the district court erred by failing to consider the Guidelines' sentencing factors in § 3553(a). *Bolds*, 511 F.3d at 579 (citing *Gall*, 552 U.S. at 51). These sentencing factors begin with "the nature and

---

[1] The government argues that the panel should apply the plain-error standard of review because Duncan failed to raise a procedural objection to the district court's *Bostic* question. *See United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). At sentencing, the district judge asked each party if there were "[a]ny objections to the sentence," and Duncan immediately objected to the type of sentence. It is unclear whether the judge's question meets the *Bostic* standard or whether Duncan had further objections because the district judge interjected during Duncan's response. We therefore apply the less-deferential abuse-of-discretion standard. In doing so, however, we note that because we affirm under a less-deferential standard of review, it follows that we would also affirm under the more-deferential plain-error standard.

circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §

3553(a)(1). The court must also consider the following:

> the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*Id.* § 3553(a)(2)(A)–(D). In addition, the court must look at "the kinds of sentences available," the

applicable sentencing range, and any pertinent policy statements under the Guidelines. *Id.*

§ 3553(a)(3)–(5). Finally, the court must consider "the need to avoid unwarranted sentence

disparities among defendants with similar records who have been found guilty of similar conduct."

*Id.* § 3553(a)(6).

To be sure, "a district court 'need not recite' the § 3553 factors when it imposes a sentence."

*United States v. Denny*, 653 F.3d 415, 423 (6th Cir. 2011) (quoting *United States v. Hernandez-*

*Fierros*, 453 F.3d 309, 312 (6th Cir. 2006)). Rather, a district court adequately explains its

sentencing decision when it shows that it "has considered the parties' arguments and has a reasoned

basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338,

356 (2007). Indeed, "the crucial question is whether the record makes clear that the sentencing

judge listened to each argument, considered the supporting evidence, was fully aware of the

defendant's circumstances and took them into account in sentencing him." *United States v.*

*Wallace*, 597 F.3d 794, 804 (6th Cir. 2010) (quoting *United States v. Vonner*, 516 F.3d 382, 387

(6th Cir. 2008) (*en banc*) (internal quotation marks omitted).

Duncan asserts that the district court ignored most of the § 3553(a) factors, but the

sentencing transcript tells a different story. At sentencing, the district court addressed the nature

and circumstances of the offense as well as Duncan's history and characteristics, as required by

§ 3553(a)(1). The court noted that Duncan committed three violations—committing another crime, leaving the judicial district without permission, and failing to notify his probation officer after being arrested or questioned by a law enforcement officer—within a few months after beginning his three-year term of supervised release. The district court extensively discussed Duncan's criminal history, highlighting Duncan's numerous criminal convictions and repeated violations of probation and supervised release. The court also considered Duncan's personal characteristics, including his age, family relationships, education, and technical skills.

Further, the district court considered the factors laid out in § 3553(a)(2)(A)–(D). The court assessed the need for Duncan's sentence to reflect the seriousness of Duncan's release violations; to promote respect for the law; to afford adequate deterrence to criminal conduct; to protect the public from further crimes by Duncan; and to provide Duncan with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Finally, pursuant to § 3553(a)(3)–(4), the district court considered the kinds of sentences available for Duncan and the applicable sentencing range under the Guidelines. The court noted that the maximum term of imprisonment for Duncan's violations was two years and that the Guidelines prescribed a range of seven to thirteen months. The court further acknowledged that it had discretion to impose a sentence outside of the Guidelines range or place Duncan back on supervised release.

The district court did not discuss any pertinent policy statements or the need to avoid unwarranted sentence disparities among similarly-situated defendants found guilty of similar conduct, as instructed by § 3553(a)(4)–(6). However, as explained above, we do not require the district court to conduct an unabridged recitation of the factors at sentencing. *See Denny*, 653 F.3d at 423.

It is clear to us that the district court listened to the parties' arguments, considered the record evidence, and provided a reasoned basis for its sentencing decision. *See Rita*, 551 U.S. at 356; *Wallace*, 597 F.3d at 804. In addition to the arguments at sentencing, the district court reviewed the petition for revocation, probation report, both parties' sentencing memoranda, letters of support submitted on Duncan's behalf, and the presentence investigation report for the conviction that resulted in Duncan's term of supervised release. The district court was fully aware of Duncan's circumstances and considered all the factors in determining the appropriate sentence for his release violations. Because the district court sufficiently considered the § 3553(a) factors, we find that Duncan's sentence was "procedurally sound." *See Bolds*, 511 F.3d at 581.

### B. Substantive Reasonableness

Under the substantive-reasonableness inquiry, we look at the totality of the circumstances, including the extent of any variance from the Guidelines range. *United States v. Tristan-Madrigal*, 601 F.3d 629, 633 (6th Cir. 2010). "A sentence is substantively reasonable if it is proportionate to the seriousness of the circumstances of the offense and offender, and sufficient[,] but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Solano-Rosales*, 781 F.3d 345, 356 (6th Cir. 2015) (internal quotations marks and citation omitted). In contrast, "[a] sentence is substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *Tristan-Madrigal*, 601 F.3d at 633 (quoting *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008)). For sentences falling within the applicable Guidelines range, as here, we may apply a rebuttable presumption of reasonableness. *Bolds*, 511 F.3d at 581; *United States v. Liou*, 491 F.3d 334, 337 (6th Cir. 2007).

Duncan asserts two bases for this court to vacate his sentence as substantively unreasonable: (1) the district court considered an impermissible factor in determining Duncan's sentence,[2] and (2) a twelve-month term of imprisonment is disproportionate to offenses that constituted Duncan's release violations. Neither argument is persuasive.

First, Duncan argues that the district court abused its discretion by basing its sentencing decision on an impermissible factor: "whether Duncan was worth the resources that would have been spent on an appropriate sentence involving community supervision." CA6 R. 15, Appellant Br., at 26. In other words, Duncan asserts that the district court impermissibly considered rehabilitation when crafting Duncan's sentence.

Rehabilitation has a precarious place in sentencing considerations. Section 3553(a) instructs a district court to consider a defendant's need for "training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D). Yet, another statute directs the court to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." *Id.* § 3582(a). The Supreme Court has clarified the apparent tension between these statutory texts by explaining that a district court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise promote rehabilitation." *Tapia v. United States*, 564 U.S. 319, 335 (2011). We have said that *Tapia*'s holding "requires reversal only where there is an identifiable basis for concluding that the district court based the length of

---

[2] This court has taken inconsistent positions on whether the consideration of an impermissible factor is properly analyzed as a procedural error or a substantive error. *See Adams*, 873 F.3d at 520 (analyzing under substantive reasonableness); *United States v. Cabrera*, 811 F.3d 801, 809 (6th Cir. 2016) (analyzing under procedural reasonableness); *United States v. Walker*, 649 F.3d 511, 513–14 (6th Cir. 2011) (substantive); *United States v. Malone*, 503 F.3d 481, 484 (6th Cir. 2007) (procedural). The procedural-substantive "distinction is more than semantic," *Cabrera*, 811 F.3d at 808, because it controls whether the presumption of reasonableness applies.

Specifically, however, this court has previously analyzed the district court's consideration of *rehabilitation* as an impermissible factor under substantive reasonableness. *Adams*, 873 F.3d at 520 (quoting *United States v. Albaadani*, 863 F.3d 496, 504 (6th Cir. 2016)). Like the appellant in *Adams*, Duncan argues that the district court impermissibly considered rehabilitation as a factor in imposing Duncan's sentence. *See id.* at 520–21. As such, we analyze this issue under the substantive prong, applying the rebuttable presumption of reasonableness.

the sentence of incarceration in part on rehabilitation." *United States v. Krul*, 774 F.3d 371, 372 (6th Cir. 2014).

The district court did not revoke Duncan's release and impose a year-long prison sentence for the purpose of promoting rehabilitation or providing Duncan resources that he otherwise would not have. The record indicates that the district court revoked supervised release and imposed a custodial sentence because Duncan violated the terms of his release and because previous rehabilitative efforts failed. That the court commented on Duncan's criminal history and how it demonstrated his incapacity for rehabilitation does not violate the directive in *Tapia*. *See id.* at 377 (Griffin, J., concurring in the judgment) (noting that a sentencing court does not violate *Tapia* "every time it mentions a defendant's ability to be rehabilitated"). Further, the district court's acknowledgement of Duncan's failed rehabilitation was directly in response to Duncan's principal argument at sentencing—that Duncan can only succeed in rehabilitating himself if placed back on supervised release.

We find no identifiable basis to conclude that the district court imposed the sentence or calculated its length for the purpose of rehabilitation. *See Krul*, 774 F.3d at 372. Duncan has not shown that the district court based his sentence on this impermissible factor, and thus Duncan has not rebutted the presumption of substantive reasonableness.

Duncan next contends that his sentence is substantively unreasonable because it is disproportionate to the underlying criminal conduct—that is, his release violations for committing another crime, leaving the district without permission, and failing to notify his probation officer about a traffic citation.

In analyzing Duncan's claim, the court "focuses on the length and type of the sentence." *United States v. Camacho-Arellano*, 614 F.3d 244, 246–47 (6th Cir. 2010). Because Duncan's

sentence falls within the applicable Guidelines range, he must point to something "that overcomes the presumption of reasonableness." *United States v. Melton*, 782 F.3d 306, 313 (6th Cir. 2015) (internal quotation marks omitted).

Here, Duncan's sentence involves both the revocation of supervised release and twelve months' incarceration. Duncan asserts that the district court's sentencing decision was a disproportionate response to his release violations, but he cites no case law or record evidence to support this proposition. Instead, Duncan restates his arguments from the sentencing hearing that he "had been adjusting well, maintaining gainful employment, and playing a positive role in his family, church, and community." CA6 R. 15, Appellant Br., at 27. The district court duly considered these circumstances, and we will not reweigh the factors already considered by the district court. *See United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006) (noting that "to balance the factors differently than the district court did . . . is simply beyond the scope of [this court's] appellate review").

We conclude that the district court imposed a substantively reasonable sentence when it revoked Duncan's supervised release and sentenced him to twelve months in prison. This sentence falls within the range provided by the Guidelines for the types of violations Duncan committed. Duncan has pointed to no record evidence or authority showing that his sentence was disproportionate to the offense conduct. As such, he has failed to rebut the presumption that his sentence was substantively reasonable.

III.

Because the district court imposed a reasonable sentence when it revoked Duncan's supervised release and sentenced him to twelve months' imprisonment, we affirm.