NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0213n.06

No. 24-1061

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff - Appellee, | ) ) ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| RASHAUD ROOSEVELT CULBERSON, | ) | |
| Defendant - Appellant. | ) | OPINION |
| | ) | |

**FILED**
Apr 22, 2025
KELLY L. STEPHENS, Clerk

Before: GIBBONS, WHITE, and MURPHY, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. After a jury found Defendant Rashaud Culberson guilty of being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), the district court sentenced Culberson to a sentence of 41 months of imprisonment, at the bottom of the Guidelines range. Culberson appeals this sentence as substantively unreasonable, arguing that the district court impermissibly imposed a sentence to promote Culberson's rehabilitation and failed to properly balance the § 3553(a) sentencing factors. We affirm.

I.

In July 2021, police officers on patrol in Detroit, Michigan observed a group of men who appeared to be filming a music video. The officers witnessed Culberson walk away from the group toward a parked car, remove a handgun from his waistband, and discard the handgun onto the ground near the car. The officers then recovered the handgun and took Culberson into custody.

In January 2022, a federal grand jury indicted Culberson with being a felon in possession of a firearm in violation of § 922(g)(1). While awaiting trial in a federal corrections facility, prison

staff confiscated a sock tied to Culberson's shorts that stored several rolled-up packages containing an unknown powdery substance. The powdery substance was later determined to be fentanyl.

In May 2023, a jury found Culberson guilty of being a felon in possession of a firearm. In October 2023, in a separate federal case, Culberson pled guilty to possessing contraband in prison, in violation of 18 U.S.C. §§ 1791(a)(2), (b)(1) and (c).

In December 2023, the district court held a single sentencing hearing for both his felon-in-possession and contraband convictions. The district court determined that the applicable Guidelines range was 41 to 51 months for the felon-in-possession conviction and 12 to 18 months for the contraband conviction. After hearing the parties' arguments and Culberson's allocution, the district court analyzed the 18 U.S.C. § 3553(a) factors. The district court considered Culberson's criminal history, the nature and circumstances of the offenses for which he was convicted, and Culberson's personal characteristics. In particular, the district court expressed dismay with the fact that previous sentences did not appear to adequately deter Culberson from further misconduct. Nevertheless, the district court also considered mitigating circumstances, including the trauma Culberson suffered due to discovering that his presumptive father was not his biological father when he was only 13. Based on these factors, the district court imposed the shortest sentence within the Guidelines ranges for both convictions: 41 months for the felon-in-possession conviction and 12 months for the contraband conviction. After imposing these sentences, the district court did not invite Culberson to present objections under *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004). Culberson appeals the district court's sentence for his felon-in-possession conviction only as substantively unreasonable.

II.

We review a claim of procedural or substantive unreasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "Reasonableness has both substantive and procedural components[.]" *United States v. Jones*, 489 F.3d 243, 250 (6th Cir. 2007). Substantive reasonableness concerns "whether a 'sentence is too long (if a defendant appeals) or too short (if the government appeals).'" *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019) (citation omitted). Procedural reasonableness concerns whether the district court followed proper procedures, including whether it properly calculated the Guidelines range, adequately considered the § 3553(a) factors, and refrained from considering impermissible factors. *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). When a party does not challenge the procedural reasonableness of a sentence, we limit our review to whether the sentence was substantively reasonable. *United States v. Reilly*, 662 F.3d 754, 757 (6th Cir. 2011).

In determining whether a sentence is substantively reasonable, we consider whether the district court "placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Rayyan*, 885 F.3d at 442. A sentence is too long when it is "greater than necessary" to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)(2). *See* 18 U.S.C. § 3553(a). These sentencing goals include the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*Id.* § 3553(a)(2)(A)–(D). A "district court's decision to assign more or less weight to a given factor is 'a matter of reasoned discretion, not math, and our highly deferential review of a district court's sentencing decisions reflects as much.'" *United States v. Mitchell*, 107 F.4th 534, 544 (6th Cir.

2024) (citations omitted). Sentences within the Guidelines range are presumptively reasonable. *United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020).

### III.

Culberson received the shortest sentence within his Guidelines range. On appeal, he nonetheless argues that his sentence is substantively unreasonable. *See Rayyan*, 885 F.3d at 442. In particular, he argues that in determining his sentence (i) the district court improperly considered his need for "educational or vocational training, medical care, or other correctional treatment," 18 U.S.C. § 3553(a)(2)(D), and (ii) gave undue weight to his criminal history. CA6 R. 35, Appellant's Br., at 8. We consider each argument in turn.

### A.

"Whether consideration of an impermissible factor is categorized under the procedural or substantive reasonableness prong is not fully settled within our Circuit." *United States v. Cabrera*, 811 F.3d 801, 808 (6th Cir. 2016) (citation omitted); *see, e.g.*, *id.* at 808–09 (treating this type of challenge as procedural); *United States v. Walker*, 649 F.3d 511, 513–14 (6th Cir. 2011) (treating this type of challenge as substantive); *United States v. Adams*, 873 F.3d 512, 519–20 (6th Cir. 2017) (noting the split of authority within the circuit and addressing both procedural and substantive reasonableness). But this distinction does not affect the outcome of this case. On appeal, we review claims of procedural error for plain error if the district court invited the defendant to object to the sentence under *Bostic*. *United States v. Lanning*, 633 F.3d 469, 473 (6th Cir. 2011). But because the district court did not clearly invite Culberson to present objections to

the sentence under *Bostic*, Culberson would not need to demonstrate plain error when asserting a procedural error on appeal. *Bostic*, 371 F.3d at 872.

We conclude that the district court did not err because it did not impermissibly base its sentence on Culberson's rehabilitative needs. We begin by first recognizing the plain text of 18 U.S.C. § 3553. Section 3553 enumerates specific factors that a district court must consider in determining an appropriate sentence. These factors include:

> the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) *to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner*[.]

*Id.* § 3553(a)(2) (emphasis added). There are, however, limits on the extent to which a district court may rely on § 3553(a)(2)(D) in determining a sentence's length. Section 3582(a) provides:

> The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, *recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation*.

18 U.S.C. § 3582 (emphasis added). Under § 3582(a), then, imprisonment is not an appropriate way to promote rehabilitation. Indeed, in *Tapia v. United States*, the Supreme Court clarified that § 3582(a)'s "recognizing" clause bars courts from considering rehabilitation *both* when imposing a sentence and when determining a sentence's length. 564 U.S. 319, 328–29 (2011). Another statutory provision, 28 U.S.C. § 994(k), supports this reading when it uses § 3553(a)(2)(D)'s specific language to stress the "inappropriateness of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant or providing the defendant with needed educational or vocational training, medical care, or other correctional

treatment." In short, § 3582(a) "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." *Tapia*, 564 U.S. at 332. The Supreme Court then concluded that the district court "may have calculated the length of [the defendant]'s sentence to ensure that she receive certain rehabilitative services." *Id.* at 334–35. In particular, the district court had stated that "[t]he 'number one' thing 'is the need to provide treatment. In other words, so [Tapia] is in long enough to get the 500 Hour Drug Program.'" *Id.* (citation omitted).

Similarly, in *United States v. Rucker*, we held that the district court erred when it appeared to base the length of the defendant's sentence on his rehabilitative needs. 874 F.3d 485, 488–89 (6th Cir. 2017). There, the district court recommended that Rucker be placed in a drug abuse program and stated, "[i]n order to qualify for that program, one must have [a] 22 months' sentence, and that falls within the guideline range here." *Id.* at 487 (citation omitted).

In both *Tapia* and *Rucker*, the sentencing courts made statements suggesting that the length of the sentences were selected to make the defendants eligible for further rehabilitative services, leading both reviewing courts to reasonably infer that rehabilitation was the purpose behind the sentence imposed. But here, the district court did not tie the length of Culberson's sentence to any rehabilitative services available to him.

The district court did not base Culberson's sentence on his rehabilitation needs. Unlike in *Tapia* and *Rucker*, the district court did not select a sentence length so that Culberson would become eligible for any rehabilitation program. *United States v. Deen*, 706 F.3d 760, 768 (6th Cir. 2013) ("Trouble only comes when a court imposes or lengthens a sentence 'to enable an offender to complete a treatment program or otherwise to promote rehabilitation' inside a prison's walls" (citation omitted)). Instead, the district court merely encouraged Culberson to participate in rehabilitation programs. In light of Culberson's depression and diagnosed anxiety, the district

court opined that Culberson stood to benefit from opportunities available at a federal prison, including counseling services and vocational training. In an encouraging tone, the district court noted:

> "[Y]our record speaks for itself in terms of your past. It is what it is. But it becomes what you decide to make [of] it. And that's all on you. . . . this is federal prison that you're looking at and there are I think far more opportunities . . . to pick up a skill, to sort things out in your own head. And so I think that that is something that is positive for you."

DE 86, Sentencing Tr., Page ID 789–90. The district court's statements were "merely an exhortation" that Culberson seize the rehabilitation opportunities available. *Jaques*, 2025 WL 561784, at *8. And, as *Tapia* made clear, "[a] court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." 564 U.S. at 334. We conclude that access to rehabilitative services was not "the reason" driving district court's sentence, nor does rehabilitation appear to have been a motivating force in either imposing or lengthening Culberson's sentence. *Deen*, 706 F.3d at 768.

In sum, unlike in *Tapia* and *Rucker*, the district court did not base Culberson's sentence on rehabilitation. Instead, the district court merely informed Culberson of the rehabilitation opportunities that would be available in prison. Culberson's impermissible factor claim is unpersuasive because the district court's statements do not suggest that rehabilitation was "the reason" for the sentence imposed. *Id.*

B.

The district court did not abuse its discretion in considering, among other § 3553(a) factors, Culberson's criminal history before imposing a sentence at the bottom of the Guidelines range. When, as here, the sentence falls within the applicable Guidelines range, we apply a rebuttable presumption of substantive reasonableness and give due deference to the district court's balancing

of the relevant § 3553(a) factors. *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). Culberson can rebut this presumption by showing that "the district court select[ed] a sentence arbitrarily, base[d] the sentence on impermissible factors, fail[ed] to consider relevant sentencing factors, or g[ave] an unreasonable amount of weight to any pertinent factor." *United States v. Allen*, 93 F.4th 350, 359 (6th Cir. 2024) (citation omitted).

Culberson cannot rebut this presumption. A reasonable sentence based on consideration of the factors does not require a "rote listing" of the § 3553(a) factors. *United States v. Collington*, 461 F.3d 805, 809 (6th Cir. 2006). Although the district court did not name each of the § 3553(a) factors, the district court understood its "responsibility . . . to look at the factors at 18 U.S.C. 3553(a)" and consider "the nature and circumstances of the offense and the history and [personal] characteristics" of Culberson. DE 86, Sentencing Tr., Page ID 787. The record shows that the district court carefully weighed all the relevant information that Culberson, the government, and the probation office provided before arriving at Culberson's sentence.

The district court noted Culberson's "extensive criminal history" and recognized that Culberson had suffered childhood trauma and "had some challenges . . . growing up." *Id.*, Page ID 787–88. Ultimately, the district court considered the need for the sentence imposed while allowing for the possibility that the defendant may reform and choose a more "fruitful path." *Id.*, Page ID 790. On this record, and the district court's explicit consideration of the § 3553(a) sentencing factors, we conclude that the district court did not abuse its discretion in imposing Culberson's sentence. As this court has made clear, "it is not our job to second-guess the district court's reasonable balancing of the factors." *United States v. Martin*, 751 F. App'x 873, 875 (6th

Cir. 2018). The district court's balancing of the § 3553(a) factors provided a reasoned and sufficient basis for the sentence imposed.[1]

The district court also did not give undue weight to Culberson's criminal history. The district court's decision to sentence Culberson to a term length at the bottom of the Guidelines range confirms that it weighed all the factors, including the severity of the offense and Culberson's history and characteristics. Indeed, much of the district court's § 3553(a) analysis was optimistic about Culberson's future, despite his extensive criminal history. In the context of rehabilitation, the district court acknowledged that, although "there's been a lot that [Culberson] had to contend with," part of deciding to "make a change means . . . get[ting] out of your comfort zone. So that means you're going to end up telling somebody your business[.] . . . This isn't anything that makes you weak. This is really what makes you strong." DE 86, Sentencing Tr., Page ID 788–89. The district court continued, "it looks like you're . . . talented. A music writer and producer and you've been a quality inspector and welder. These are not things that anybody can just do. And so you've prepared yourself[.]" *Id.*, Page ID 790. These statements do not bear the marks of a sentencing court that gave undue weight to Culberson's criminal history. The district court simply did not find that the mitigating factors outweighed the other § 3553(a) factors to justify a downward variance. But as this court has made clear, "it is not our task to impose sentences in the first instance or to second guess the individualized sentencing discretion of the district court when it appropriately relies on the § 3553(a) factors." *United States v. Musgrave*, 761 F.3d 602, 609 (6th Cir. 2014) (citation omitted).

---

[1] Although Culberson argues that the district court impermissibly considered separate pending charges against him when imposing its sentence, this court has held that district courts "d[o] not err in considering . . . pending charges while selecting a sentence within the advisory guideline[s] range." *United States v. Alford*, 332 F. App'x 275, 284 (6th Cir. 2009); *see United States v. Werman*, 828 F. App'x 316, 319 (6th Cir. 2020) ("The use of the pending charges to support the district court's determination that Werman posed a danger to the public, based on his lengthy criminal history, was not an abuse of discretion.").

Without a "definite and firm conviction" that the district court erred by not imposing an even lower sentence, we conclude that Culberson's bottom of the Guidelines range sentence is reasonable. *United States v. Hymes*, 19 F.4th 928, 933 (6th Cir. 2021) (citation omitted). To the extent that Culberson "asks us to balance the factors *differently* than the district court did," our standard of review precludes us from performing that role. *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006).

## IV.

The district court did not impermissibly base Culberson's sentence on his rehabilitation needs and did not abuse its discretion in considering Culberson's criminal history before imposing a sentence at the bottom of the Guidelines range. Accordingly, we affirm.