NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0230n.06

No. 14-1424

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 26, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| JOHN GESING, | ) MICHIGAN |
| | ) |
| Defendant-Appellant. | ) |

BEFORE: GUY, MOORE, and McKEAGUE, Circuit Judges.

PER CURIAM. John Gesing, a federal prisoner, appeals through counsel the 24-month sentence of imprisonment imposed upon the revocation of his period of supervised release.

In 2011, Gesing entered a guilty plea to a charge of interstate transportation of stolen property. He was sentenced to 36 months of probation. After only two months, his probation was revoked and he was sentenced to seven months of imprisonment and two years of supervised release. After Gesing served his term of imprisonment and commenced his supervised release, the terms of his release were amended to call for placement in a community corrections center for the duration. Gesing again violated the terms of his supervised release by, among other things, using controlled substances, associating with a known criminal, and failing to pay restitution.

A hearing was held at which Gesing admitted these violations. The sentencing guidelines range was computed at four to ten months of imprisonment. The district court imposed a

sentence of two years in prison, stating, "I hope while you are in prison . . . that you could take advantage of a short-term drug program, there is a longer drug program which I really would like to see you get into but I understand you need more time than that, and the statutory maximum I can give you is two years." The term was not to be followed by any additional supervised release period. Counsel for Gesing objected that two years was longer than necessary for punishment, deterrence, or protection of the public. The district court agreed that the two-year sentence was not necessary for protection of the public or punishment, but explained "that the element that affects this case the most is the one with providing the defendant with needed medical care." The court concluded by advising Gesing that he needed three things: "a strong showing that you can't get away with this type of conduct," . . . "a lot of time to sit and think about what you have done," and "help."

We review a sentence imposed on revocation of supervised release for reasonableness under an abuse of discretion standard. *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007). A sentence based on an impermissible factor is substantively unreasonable. *United States v. Deen*, 706 F.3d 760, 762 (6th Cir. 2013). In *Tapia v. United States*, 131 S. Ct. 2382, 2391-93 (2011), the Supreme Court held that a court may not impose or lengthen a prison sentence to promote rehabilitation. That holding applies to sentences imposed on revocation of supervised release. *Deen*, 706 F.3d at 765–67. In *Deen*, we recognized that a sentencing court may discuss, encourage, and even recommend a defendant's participation in prison treatment programs. *Id.* at 768. Cognizable error occurs only when the perceived rehabilitative benefits of incarceration are "the reason" for imposing or lengthening a prison sentence. *Id.* (quoting *United States v. Grant*, 664 F.3d 276, 282 (9th Cir. 2011)).

The government contends the district court's discussion of Gesing's need for drug abuse treatment was in the nature of a recommendation and did not run afoul of *Tapia*, citing *United States v. Krul*, 774 F.3d 371 (6th Cir. 2014). In *Krul*, the sentencing court justified imposition of a 63-month sentence by considering such factors as the defendant's extensive criminal history, the seriousness of the offense, the need to promote respect for the law, the need to afford adequate deterrence, and the need to protect the public. *Id.* at 373–74. The court noted that the period of incarceration would also afford opportunity for participation in educational, correctional and medical programs. We upheld the sentence because we found no basis for concluding that the court impermissibly calculated the length of the sentence to ensure receipt of certain rehabilitative services. *Id.* at 375–76. We thus refused to give *Tapia* such an expansive reading as to require resentencing whenever "it is merely possible" that rehabilitation was a sentencing factor. *Id.* at 375.

This case is different. Considering the district court's history with defendant Gesing, Gesing's repeated failures, and the court's use of progressive discipline, we would be inclined to hold there was no abuse of discretion, consistent with *Krul*—but for what the court said in response to Gesing's counsel's objection. As the court varied upward from the guidelines range of four to ten months, exceeded the government's recommendation of a sentence at the upper end of the range, and imposed the statutory maximum of 24 months' imprisonment, the court candidly acknowledged that the most significant factor was Gesing's need for medical care. The court expressly disclaimed reliance on the need for punishment or the need for protection of the public as justifications for the admittedly "hard sentence." On this record, we cannot but find that the district court's "hope" for rehabilitation played a determinative role in the length of the prison term imposed. The two-year sentence, as imposed, thus contravenes Congress's

admonition in the Sentencing Reform Act "that imprisonment is not an appropriate means of promoting correction and rehabilitation," as interpreted in *Tapia*. 18 U.S.C. § 3582(a).

Accordingly, we hold that the sentence imposed, based in part on an impermissible factor, is substantively unreasonable. We therefore VACATE the judgment of sentence and REMAND the case to the district court for resentencing.