KETHLEDGE; J., delivered the opinion of the court in which COOK, J., joined. DONALD, J. (pp. 489-90), delivered a separate dissenting opinion. OPINION KETHLEDGE, Circuit Judge. Billy Joe Rucker argues that the district court considered a forbidden factor—ironically,' rehabilitation—when the court determined the length of his sentence for violating the terms of his supervised release. The record indeed suggests that the district court, considered that factor. Hence we vacate Rucker’s sentence and remand for resentencing. .On November 8, 2013, Rucker finished an approximately 15-year term of imprisonment and began a five-year term of supervised release. Rucker violated, the terms of his supervised release on four occasions in 2014 and 2016 when he tested positive for methamphetamine. Those violations triggered the application of 18 U.S.C. § 3583(g), which required the court to revoke Rucker’s supervised release and to sentence him to “a term of imprisonment” not to exceed, in Rucker’s case, five years. (For violations that do not trigger the application of § 3583(g), the court’s decision whether to revoke the defendant’s supervised release is discretionary. See 18 U.S.C. § 3583(e).) Before determining the length of Rucker’s new term of imprisonment, however, the district court first permitted him to enter an inpatient addiction-treatment program. Presumably if Rucker had successfully completed the program the court would have imposed a short sentence for Rucker’s violations. About a month after Rucker entered the program, however, he .was ejected for arguing with another participant. The district court then held a revocation hearing to determine the length of Ruck-er’s prison term for his violations. Rucker’s Guidelines range was 21 to 27 months’ imprisonment. The court imposed a sentence of 24 months, which it explained at least in part on the ground that -Rucker could qualify for the Bureau.'of Prisons’ residential drug-abuse program only if his sentence was at least 22 months in length. Rucker now challenges the substantive reasonableness of his sentence, which we review for an abuse of discretion. United States v. Deen, 706 F.3d 760, 762 (6th Cir. 2013). A sentence is substantively unreasonable if (among other things) the district court bases it on an impermissible factor. United States v. Greco, 734 F.3d 441, 450 (6th Cir. 2013). Rucker argues the district court did that here. His argument is based upon 18 U.S.C. § 3582(a), which provides in relevant part: The [district] court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation. Per the plain terms of this provision, the Supreme Court has held that “[s]ection 3582(a) precludes sentencing courts from imposing or lengthening a prison term to promote an offender’s rehabilitation.” Tapia v. United States, 564 U.S. 319, 332, 131 S.Ct. 2382, 180 L.Ed.2d 357 (2011). And because in Tapia the sentencing transcript “suggested] the possibility that Tapia’s sentence was based on her rehabilitative needs!,]” id. at 334, 131 S.Ct. 2382, the Court remanded the case. Here, the district court explained the rationale for Rucker’s sentence as follows: ... I’m going to indicate in the strongest terms to the Bureau of Prisons that you be placed in the residential drug abuse program [“RDAP”] that the BOP offers. In order to qualify for that program, one must have [a] 22 months’ sentence, and that falls within the guideline range here. I think that’s appropriate on a number of levels. I think it’s appropriate because it is a guideline sentence, I think it’s also appropriate because I believe you would benefit, from participation in. RDAP. It is an intensive program and I think—I think that, frankly, it’s called for here. So unless there’s anything further, I will state the sentence. Later in the hearing, in response to Rucker’s objection on Tapia grounds, the court further stated: I will say that 8553 [i.e., 18 U.S.C. § 3558(a)(2)(D)] talks about the needs of the defendant for treatment. I have taken that into consideration. The fact that the RDAP program requires a defendant to have 22 months remaining on their sentence is not the deciding factor for me in imposing this sentence. It is a guideline sentence that I think is appropriate irrespective of that BOP regulation. The question, then, is whether this record “suggests the possibility that Rucker’s sentence “was based on [his] rehabilitative needs.” Tapia, 564 U.S. at 334, 131 S.Ct. 2382. Of course, a district court “commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs.” Id. But the court’s discussion of those things must not be its explanation for the sentence it imposes. Instead, to comply with § 3582(a), the court must set forth a rationale independent of rehabilitative concerns. See id. at 327, 131 S.Ct. 2382 (“a court making these decisions should consider the specified rationales of punishment except for rehabilitation” (emphasis in original)). The record lacks any such independent rationale here. True, the court said that Rucker’s sentence “is a guideline sentence that I think is appropriate irrespective of that BOP regulation.” But that is simply a conclusion, rather than an explanation as to why the court thought a Guidelines sentence was appropriate. Moreover, though we take the court at its word that Rucker’s eligibility for the treatment program was not the “deciding factor” in determining his sentence; Rucker’s eligibility appears to have been an important factor nonetheless. Indeed the bulk of the court’s explanation for the sentence is couched in rehabilitative terms. The record therefore suggests the possibility that the district court based Rucker’s sentence on his rehabilitative needs. The government responds that § 3582(a) does not apply here at all. The government recites: “[T]he . express language of § 3582(a) states that ‘in determining whether to impose a term of imprisonment ...,’ the district court ‘shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.’ ” Gov’t Br. at 20 (quoting 18 U.S.C. § 3582(a) (government’s ellipsis)). The government then points out, correctly, that in Rucker’s case the district court had no occasion to determine “whether to impose a term of imprisonment,” 18 U.S.C. § 3582(a) (emphasis added), because § 3583(g) already mandated one. Thus, the government concludes that § 3582(a)— and-, more to the point, its anti-rehabilitation rule—does not apply here; The argument is hard to fathom. The government simply elides—literally by means of the ellipsis noted above—the very language that - does make § 3582(a) applicable here. We italicize the language the government chose to omit: The [district] court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation. 18 U.S.C. § 3582(a) (emphasis added). Thus, by its plain terms, § 3582(a) applies not only when a district court determines “whether to impose a term of imprisonment,” but also “in determining the length of the term[.]” Here, § 3583(g) mandated a “term of imprisonment” as punishment for Rucker’s violations of his supervised release; but the district court “determined] the length of the term[.]” 18 U.S.C. § 3582(a). And in doing so the court was required to “recognize] that imprisonment is not an appropriate means of promoting correction and rehabilitation.” Id. For this reason among others, therefore, the government’s argument is meritless. [[Image here]] We vacate Rucker’s sentence and remand for proceedings consistent with this opinion.