NOT RECOMMENDED FOR PUBLICATION

File Name: 20a0667n.06

No. 19-4169

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Nov 20, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| CHARLES E. GOODE, JR., | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |

BEFORE: ROGERS, NALBANDIAN, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. On December 2, 2018, a trooper with the highway patrol stopped a vehicle in Cleveland, Ohio, for making an illegal left turn. After the trooper smelled marijuana, the driver confessed to having many baggies of marijuana in the car. Another trooper soon arrived on the scene and spotted a firearm next to the passenger, Charles Goode. Goode, who had a lengthy criminal record, admitted to possessing the gun for "protection." The gun turned out to be stolen. Ultimately, Goode pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

At sentencing, the district court calculated Goode's guidelines range as between 63 and 78 months in prison—a range that resulted from Goode falling within the highest criminal history category. The court candidly mulled whether, given Goode's criminal history, 78 months would be "sufficient but not greater than necessary" to serve the various sentencing goals in 18 U.S.C.

§ 3553(a). It noted that Goode had displayed a "pattern of possessing firearms," of "violent behavior," and of "violence directed to females." It added that Goode used illegal drugs daily, which made his possession of firearms all the more dangerous. At the same time, the court recognized Goode's traumatic childhood. His parents were drug addicts who abused him, and he was placed in foster care at an early age. Goode also has significant mental-health conditions, including schizophrenia and depression. In the end, the court decided not to impose an upward variance but chose a sentence at the top of Goode's guidelines range: 78 months' imprisonment.

Goode brings three challenges to his sentence on appeal. Each one falls short.

1. *Procedural Reasonableness*. Goode initially argues that the district court imposed a procedurally unreasonable sentence. This type of challenge "is a process-driven one." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). It asserts a defect in the way that the district court went about choosing the sentence. Say a district court improperly calculates the guidelines range, wrongly treats that range as mandatory, or relies on a clearly erroneous factual finding to select the sentence. Any of these errors might make a sentence procedurally unreasonable. *Id.* Goode claims that the district court committed the last type of error here. Specifically, he argues that the district court clearly erred in finding that he had a "pattern of possessing firearms," a "pattern of violent behavior," and a "pattern of violence directed to females."

He is mistaken. "A factual finding is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been made." *United States v. Byrd*, 689 F.3d 636, 639–40 (6th Cir. 2012). Yet the record leaves us with a firm conviction that the district court stated the facts correctly, not mistakenly. Consider the finding that Goode had a pattern of possessing firearms. This was his fifth firearms offense. His other offenses included aggravated robbery with a firearm, possession of drugs with a firearm, and a prior offense remarkably similar

to the current one: improperly handling a firearm while in a car with marijuana. Or consider the finding that Goode had a pattern of violent conduct. Apart from the aggravated robbery, Goode had been convicted of aggravated assault for punching his girlfriend in the face, a blow that broke her nose and caused a concussion. He also had been convicted of attempted domestic violence for slapping and kicking his stepmother. And he had been convicted of aggravated assault for hitting a victim with a baseball bat. Two of those assaults likewise supported the district court's related conclusion that Goode had a proclivity to harm women. Further supporting that conclusion, Goode had been convicted of violating a protective order and again of attempting to do so. And he had been convicted of unlawful sexual conduct with a minor. In short, the record amply supports the district court's conclusions.

Separately, Goode contends that the district court mistakenly asserted that the probation officer recommended that an upward variance (rather than a downward variance) might be proper in light of Goode's history. This argument rests on the presentence report provided to the parties, which listed potential factors for a variance without indicating an up or down direction. Yet the district "court may direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence." Fed. R. Crim. P. 32(e)(3). And the probation officer's recommendation solely to the district court accorded with the court's characterization of it. Regardless, Goode has not shown that any variance recommendation by the probation officer "actually served as the basis for the sentence" imposed. *United States v. Rios*, 823 F. App'x 398, 403 (6th Cir. 2020) (citation omitted). After all, the court still sentenced Goode *within* the guidelines range notwithstanding its conclusion that the probation officer had recommended a potential upward variance.

2. *Substantive Reasonableness*. Goode next argues that the district court imposed a substantively unreasonable sentence. Unlike a procedural challenge, this type of claim attacks the bottom-line number: the actual prison term imposed. *Rayyan*, 885 F.3d at 442. A sentence might be substantively unreasonable, for example, if "the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Id.* But we presume that sentences within the guidelines range are reasonable because both the Sentencing Commission and the district court will have concluded that the sentence was proper for the defendant (and for similarly situated defendants). *United States v. Lynde*, 926 F.3d 275, 279 (6th Cir. 2019).

Goode bears the burden to show that the district court abused its discretion when balancing the § 3553(a) factors to reach its sentence. *See id.* He has fallen short because the district court fulsomely considered all factors. It recognized that the guidelines range was 63 to 78 months' imprisonment and considered the underlying offense conduct. 18 U.S.C. § 3553(a)(1), (4). It next explained that Goode's prior offenses showed a substantial need to deter his criminal ways and protect the public. *Id.* § 3553(a)(1), (2)(B)–(C). It also concluded that his consistent use of illegal drugs exacerbated the danger from his firearms possession. *Id.* § 3553(a)(2)(C). Yet the court ultimately chose not to vary upward from the guidelines range because of Goode's troubled childhood and mental-health struggles. *Id.* § 3553(a)(1). Lastly, the 78-month sentence comported with the guidelines recommendation and with the national average sentence for this type of crime: 77 months' imprisonment. *Id.* § 3553(a)(6).

Goode responds with two arguments. He starts by claiming that the court exaggerated the danger that he posed to the community from his possession of firearms and use of drugs. Not so. The court acted well within its discretion by concluding that Goode's consistent pattern of crime (which placed him in the highest criminal-history category with substantial room to spare) showed

the need for a significant sentence to deter his criminal ways and protect the community. *Cf. United States v. Butler*, 812 F. App'x 311, 317–18 (6th Cir. 2020); *United States v. Stamp*, 790 F. App'x 680, 684 (6th Cir. 2019). And it acted well within its discretion by concluding that the danger from illegal firearms possession increases when a defendant consistently uses intoxicating substances. *Cf. United States v. Thomas*, 822 F. App'x 381, 389 (6th Cir. 2020).

Goode next claims that the district court failed to properly treat his mental-health problems as a mitigating factor. Not so, again. The court acknowledged these problems when evaluating the § 3553(a) factors. It openly discussed imposing an upward variance due to Goode's lengthy criminal history. But it decided against such a variance because of the need to balance this aggravating factor against Goode's "difficult childhood and definite mental health problems." To the extent Goode argues that the district court failed to recognize that his mental-health problems were the cause of his prior crimes, his argument lacks merit. We have previously stated that this type of claim—that "mental illness and [a] propensity for violence are inextricably intertwined"— may be "true as a matter of human psychology" but "is not a governing principle for a district court judge tasked with determining an appropriate sentence." *United States v. Tolbert*, 459 F. App'x 541, 548 (6th Cir. 2012); *cf. Thomas*, 822 F. App'x at 389. Ultimately, then, Goode's argument "boils down to an assertion that the district court should have balanced the § 3553(a) factors differently." *United States v. West*, 962 F.3d 183, 191 (6th Cir. 2020) (citation omitted). But our job is not to rebalance the factors; it is to ensure that the district court's balance was reasonable. *Id.* And the district court reasonably balanced Goode's mental-health concerns against the need to deter Goode and protect the public. *See Tolbert*, 459 F. App'x at 548.

3. *Rehabilitation*. Goode lastly argues that the district court increased his sentence for an impermissible rehabilitation reason in violation of *Tapia v. United States*, 564 U.S. 319 (2011).

Section 3582(a) of Title 18 lays out the factors that courts must consider when choosing the length of a sentence. It instructs courts to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a). In *Tapia*, the Court interpreted this language to mean what it says: A "court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." 564 U.S. at 335; *see also United States v. Gesing*, 599 F. App'x 238, 239 (6th Cir. 2015) (per curiam). That said, § 3582(a) does not compel sentencing courts to completely ignore a defendant's need for mental-health or substance-abuse treatment. In *Tapia* itself, the Court stated that "[a] court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." 564 U.S. at 334. We, too, have concluded that a court may tell a defendant about the treatment programs available in prison and the importance of rehabilitation. *See United States v. Krul*, 774 F.3d 371, 374–75 (6th Cir. 2014). The court also may express hope that a defendant will take advantage of those programs. *See United States v. Frost*, 770 F. App'x 744, 745 (6th Cir. 2019).

We have sometimes treated a defendant's claim that the district court considered an impermissible factor as a substantive-reasonableness challenge; other times we have treated it as a procedural-reasonableness challenge. *See id.* at 744–45. Either way, the district court's statements in this case fall on the right side of *Tapia*'s line. The court merely expressed hope that Goode would participate in mental-health treatment: "Hopefully while he's in custody he'll receive appropriate mental health treatment and receive the appropriate medication." Later, the court was crystal clear that it was "not sentencing [Goode] to receive treatment," but again expressed hope that he would take advantage of the mental-health and substance-abuse treatments available. Controlling precedent allows for this type of encouragement. *See Tapia*, 564 U.S. at 334.

Goode's arguments do not convince us otherwise. He initially cites statements by the prosecutor. The prosecutor requested a longer sentence so that Goode could be "fully treated" for his mental-health and substance-abuse problems. While this statement shows that the prosecutor would benefit from a review of *Tapia*, it was a position taken by a government lawyer, not one adopted by the court. Contrary to the prosecutor's suggestion, the court disavowed sentencing Goode for any mistaken rehabilitation reason.

Goode thus turns to the district court's own statements. It repeatedly mentioned Goode's mental-health and substance-abuse struggles when describing his history and characteristics. *See* 18 U.S.C. § 3553(a)(1). Because the court made these statements, Goode assumes that it must have (impliedly) relied on rehabilitation goals to increase his sentence. Quite the opposite is true. The court relied on Goode's mental-health difficulties as a reason not to vary above the guidelines. And when discussing his substance abuse, the court expressed permissible concerns with protecting the public from his dangerous conduct, not impermissible concerns with the need for rehabilitation. Although the court explained that Goode would at least receive medication while in prison, it clarified that this result was not a "purpose" of the sentence and explained that part of sentencing requires the court to look to how the sentence would "help the community" and protect the public. Section 3582(a) instructs courts to choose a sentence using the general § 3553(a) sentencing factors (other than rehabilitation). *See* 18 U.S.C. § 3582(a). The statute thus allowed the district court to acknowledge Goode's substance abuse when discussing the need to deter him from crime and protect the public. *See United States v. Vines*, 799 F. App'x 371, 376 (6th Cir. 2020); *see also Thomas*, 822 F. App'x at 389.

We affirm.