NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0184n.06

Case No. 23-2096

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Apr 03, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| DUANE GIBSON, | ) | |
| Defendant-Appellant. | ) ) | O P I N I O N |

Before: CLAY, WHITE, and NALBANDIAN, Circuit Judges.

NALBANDIAN, J., announced the judgment of the court, in which WHITE, J., concurred, and delivered the lead opinion. WHITE, J. (pp. 16–17), delivered a separate opinion concurring in the judgment. CLAY, J. (pp. 18–25), delivered a separate dissenting opinion.

**NALBANDIAN, Circuit Judge.** While on supervised released, Duane Gibson was found possessing drugs, so he pleaded guilty to violating the terms of his release. At the revocation hearing, the government, Gibson's counsel, and Gibson himself discussed the steps he needed to take to get his life together—get his GED and finish a substance use treatment program. And the parties also discussed how he could start down this new path in prison by capitalizing on the services available there.

As the district judge imposed a twenty-four-month sentence—the very bottom of the advisory-Guidelines range but the statutory maximum—he expressed his own hope that Gibson would benefit from these services in prison. Now on appeal, Gibson claims that the judge impermissibly relied on rehabilitation when he imposed the sentence, and that imposing the

statutory maximum was substantively unreasonable. Because we find no error in the judge's discussion at sentencing and find the sentence substantively reasonable, we AFFIRM.

## I.

On October 2, 2018, Duane Gibson pleaded guilty to one count of conspiracy to distribute, and possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) and § 846. For these crimes, the district court sentenced Gibson to a twenty-two-month term of imprisonment to be served consecutive to an undischarged term of imprisonment from a pending state case. As part of the judgment, the district judge recommended that Gibson be assigned to an institution that offered a treatment program and mandated that Gibson complete a degree equivalency program. Gibson was released from prison in October 2022, though he remained on supervised release.

After he was released from prison, police found Gibson with Adderall, Oxycodone, Alprazolam, and Hydrocodone during a traffic stop in Detroit.[1] This, combined with other violations, led to a federal petition for warrant. So in December 2023, the district judge held a supervised release revocation hearing. The government alleged ten violations of the terms of his release, and he pleaded guilty to five: his unlawful use and possession of controlled substances, his failure to maintain full-time employment, to earn a GED, and to participate in a drug treatment program. And in response, the government dismissed the remaining charges.

---

[1] Michigan initiated its own proceedings based on these events. In September 2023, Gibson was sentenced to a term of incarceration ending in February 2024.

The judge then calculated the relevant sentencing framework based on these agreed-to violations. Because the controlled-substances violations were Grade A, Gibson was subject to a mandatory revocation of his release. Because his underlying conviction (which subjected him to supervised release) was a Class C felony, he faced a statutory maximum of twenty-four months' imprisonment. And finally, because of Gibson's lengthy criminal history (category IV), his advisory-Guidelines range was 24 to 30 months.

The judge then moved to arguments from the parties about the appropriate sentence. The government acknowledged that Gibson had had a difficult time completing the social elements of release—like holding a job, finishing his GED, and completing a drug treatment program. He also recognized that Gibson was being "whipped around the criminal justice system," and addressed how "unfortunate" it was that Gibson had "essentially, three different jurisdictions offering him assistance in terms of probation and supervision." R. 273, Sprv'd Rel. Hrng, p.14–15, PageID 1753–54. The government also noted that Gibson needed to finish his GED, complete "additional job training," and "perhaps [more intensive] substance abuse treatment." *Id.*

On the substance-abuse point, the government openly attributed these violations to Gibson's addiction: "Mr. Gibson has an opioid addiction that's not going to get better. That's not something he can just quit." *Id.* at p.15, PageID 1754. And in closing, the government described other mitigating factors—that Gibson was a lower-level offender, that it was his first violation of his release, and that the government hoped that through the ongoing proceedings in federal and state court, Gibson could "get his life in order and become a productive member of society." *Id.* at p.14–15, PageID 1753–54.

Defense counsel emphasized nearly identical concerns. She first addressed Gibson's underlying "lack of motivation," which had repeatedly held him back from finishing high school,

his GED, or a substance abuse treatment program. *Id.* at p.16, PageID 1755. She then pointed to Gibson's new goal of getting his commercial driver's license (CDL) as evidence of his willingness to reform. And she also relied on his family's presence—his mother, father, grandmother, sister, partner, and stepchild—at the hearing as proof that Gibson had a support system and a place to land upon his release. She closed: Gibson has been "missing out on life and he kn[ew] it." *Id.* at p.19, PageID 1758.

Finally, when Gibson spoke during allocution, he apologized to his family—acknowledging that he was only out a year before he was back in court. *Id.* He apologized for missing out on his "beautiful life." *Id.* And committed to line up jobs and training and would "see them through." *Id.* at p.20, PageID 1759. He promised to do whatever it took—community service, work, training—to show the court how badly he wanted to change his life.

The judge then addressed the issues the government, defense counsel, and Gibson himself had raised. First, he addressed Gibson's lack of education. He acknowledged that Gibson—like others—may "need help going through life." *Id.* If Gibson was struggling with completing a program, "there's help [he] c[ould] get with that." *Id.* He then turned to Gibson's professional goals. "You want to get a CDL? That's terrific." *Id.* at p.21, PageID 1760. The judge also addressed Gibson's substance use disorder. Gibson might need help overcoming his addiction, but he needed to act for himself, leverage the opportunities he was being presented. The judge also considered the broader context that led to these violations. Though Gibson had new motivation to get his CDL, the judge noted "[i]n the meantime, though, you have something to answer for with these violations." *Id.* And though he credited the time Gibson had already spent in custody, he noted that there was time left on Gibson's state charges, so he would "answer" for

4

that time left there. *Id.* He also expressly disclaimed reliance on the violations that the government had dismissed at the start of the hearing.

And to close, the judge imposed the sentence: "[U]nder all of the circumstances, I believe a guideline sentence is appropriate here, considering the nature of the violations, the need to protect the public and also to *provide you with opportunities to better yourself.*" *Id.* at p.21–22, PageID 1760–61 (emphasis added). So he imposed a twenty-four-month term of imprisonment.[2] *Id.* at p.22, PageID 1761. With the sentence on the record, the judge asked defense counsel if she had "any objections to the sentence that ha[d] not been stated on the record," and she responded, "No." *Id.* at p.23, PageID 1762.

Gibson timely appealed. Now, he raises two issues: that the district judge impermissibly relied on rehabilitation to impose his sentence, and that his sentence is substantively unreasonable.

## II.

Gibson claims that the district judge impermissibly imposed or lengthened his prison term to facilitate his rehabilitation, in violation of *Tapia v. United States*, 564 U.S. 319 (2011).

## A.

In general, we review both procedural and substantive sentencing errors for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). A judge who commits a *Tapia* violation, in effect, considers a sentencing factor that he shouldn't. And although considering an "impermissible factor" more naturally suggests procedural error, we have inconsistently characterized it as both procedural and substantive. *United States v. Jaques*, No. 24-3390, 2025

---

[2] The judge imposed this sentence to run concurrent to any undischarged term for pending state violations.

WL 561784, at *6 n.5 (6th Cir. Feb. 20, 2025) (collecting cases). So for the same reason, we have treated *Tapia* claims inconsistently. *Id.*[3]

This distinction matters because only procedural errors are subject to plain-error review when counsel fails to object contemporaneously at sentencing. *Id.* at *7–8 (explaining the difference between procedural and substantive errors). Though we ultimately find that the standard of review makes no difference here, this case typifies why *Tapia* errors should be viewed as procedural. The judge asked counsel whether she had "any objections to the sentence that ha[d] not been stated on the record," and she responded, "No, your Honor." R. 273, Sprv'd Rel. Hr'g, p.23, PageID 1762. A point that both parties acknowledge. If counsel had concerns that the judge had impermissibly relied on rehabilitation in his sentencing rationale, this was the moment to raise the objection. Had she, the district judge could have clarified the record. And that clarification would have either eliminated any ambiguity, or would have expressly clarified his reliance on rehabilitation, making our appellate review straightforward.

So if *Tapia* violations are procedural, this appeal would be subject to plain error because counsel did not raise this issue below. But if substantive, we would review for abuse of discretion. Still, under either standard Gibson's claim fails.

---

[3] As we note in *United States v. Jaques*, every circuit to have considered the question has found that *Tapia* claims are procedural and subject to plain error. 2025 WL 561784, at *7 (6th Cir. Feb. 20, 2025); *United States v. Rand*, 93 F.4th 571, 578–79 (1st Cir. 2024) (analyzing *Tapia* error as procedural and applying plain error); *United States v. Lifshitz*, 714 F.3d 146, 149–50 (2d Cir. 2013) (same); *United States v. Bennett*, 698 F.3d 194, 200 (4th Cir. 2012) (same); *United States v. Burrows*, 905 F.3d 1061, 1066–67 (7th Cir. 2018) (same); *United States v. Clark*, 998 F.3d 363, 368–69 (8th Cir. 2021) (same); *United States v. Grant*, 664 F.3d 276, 279 (9th Cir. 2011) (same); *United States v. Thornton*, 846 F.3d 1110, 1112–13 (10th Cir. 2017) (same); *United States v. King*, 57 F.4th 1334, 1340 (11th Cir. 2023) (same); *United States v. Culbertson*, 712 F.3d 235, 243 (5th Cir. 2013) (analyzing *Tapia* claim under plain error); *United States v. Schonewolf*, 905 F.3d 683, 693–94 (3d Cir. 2018) (same). *But see United States v. Zabielski*, 711 F.3d 381, 390 (3d Cir. 2013) (analyzing preserved *Tapia* claim for substantive reasonableness).

**B.**

A proceeding to revoke supervised release is similar to the original sentencing. So long as the judge finds "by a preponderance of the evidence that the defendant violated a condition of supervised release," he may impose a prison term of up to two years if the underlying criminal conviction was a class C felony. 18 U.S.C. § 3583(e)(3). When he imposes the sentence, the district judge must consider many of the same 18 U.S.C. § 3553(a) factors applicable at the initial sentencing. *Id.* § 3583(e). Yet, as the Supreme Court has explained, 18 U.S.C. § 3582(a) "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." *Tapia*, 564 U.S. at 332.

*Tapia* illustrates the concern. There, the district judge had imposed a 51-month term of imprisonment, at the top end of the 41-to-51-month advisory-Guidelines range. *Id.* at 321. But on the record, the judge said the sentence had to be "sufficient to provide needed correctional treatment," suggesting he had pegged the length of the sentence to a specific rehabilitation program. *Id.* at 322 (internal quotation marks omitted). The judge "strongly recommend[ed]" to the Board of Probation that the defendant be placed in a particular facility to access this program. *Id.* (alteration in original) (internal quotation marks omitted). And finally, the judge clarified that, in part, the sentence needed to be "long enough to get the 500 Hour Drug Program." *Id.* at 321 (internal quotation marks omitted).

The judge's decision to pin the term and length of the sentence to this 500 Hour Drug Program violated Congress's express command in § 3582(a). *Id.* at 333–35.[4] Still, the Court

_____

[4] We have since applied this rule, originally in the context of a defendant's original sentencing, to the revocation of supervised release. *United States v. Deen*, 706 F.3d 760, 768–69 (6th Cir. 2013).

explained in its next breath that not every reference to rehabilitation runs afoul of the statute. *Id.* at 334–35. For example, a district judge commits no error when he discusses rehabilitation opportunities in prison, describes the specific benefits of a treatment program, suggests training programs available in prison, or even recommends that the offender be placed in a certain facility so that he might access certain rehabilitation programs. *Id.* In fact, a court "properly may address a person who is about to begin a prison term about these important matters." *Id.* The narrow scope of this holding recognizes that many discussions regarding rehabilitation serve important penological purposes.

Because *Tapia* does not impose a blanket prohibition on discussing rehabilitation, a judge only violates *Tapia* when rehabilitation is "the reason" for a prison sentence (or its duration). *United States v. Deen*, 706 F.3d 760, 768 (6th Cir. 2013); *see also United States v. Gesing*, 599 F. App'x 238, 239 (6th Cir. 2015). So we do not reverse "whenever it is *merely possible* that rehabilitation drove the length of imprisonment." *United States v. Krul*, 774 F.3d 371, 375 (6th Cir. 2014) (emphasis added).

That rule would stretch *Tapia* to the breaking point—effectively imposing an obligation on the sentencing judge to not only acknowledge *Tapia*'s bounds but also explicitly disclaim any reliance on rehabilitation. *Id.* An obligation that we have rejected. *Id.* (Reversal is not required "*whenever it is merely possible* that rehabilitation drove the length of imprisonment. Such an expansive reading *would effectively require district courts to disavow explicitly* such a possibility to avoid reversal." (emphasis added)). In fact, under *Pepper v. United States*, a district judge may consider post-sentencing rehabilitation when he resentences a defendant. 562 U.S. 476, 504–05 (2011); *see also id.* ("Postsentencing rehabilitation may also critically inform a sentencing judge's

overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary,' to comply with the sentencing purposes set forth in § 3553(a)(2).'").

So an expansive reading of *Tapia* would conflict with the district judge's responsibilities under § 3553(a) to conduct an "individualized assessment based on the facts presented," and based on all the § 3553(a) factors. *United States v. Bolds*, 511 F.3d 568, 579 (quoting *Gall*, 552 U.S. 38, 50 (2007)). That means the judge must look to a defendant's history and characteristics. *E.g.*, § 3553(a)(1) ("history and characteristics of the defendant"); § 3553(a)(2)(D) ("provide the defendant with needed educational or vocational training, medical care"). As the Supreme Court explained, "a central factor" that bears on a sentence is the likelihood that the defendant will engage in future criminal conduct—a determination that could be heavily skewed by a defendant's willingness or not to rehabilitate.

Since *Krul*, we have repeatedly upheld sentences even where the sentencing judge references the defendant's need to leverage rehabilitative opportunities. *United States v. Collier*, 506 F. App'x 459, 464–65 (6th Cir. 2012) (district judge expressing hope defendant will "learn better behaviors" was not error); *United States v. Tolbert*, 459 F. App'x 541, 548–49 (6th Cir. 2012) (district judge said term of imprisonment would "afford[] Defendant an *opportunity* to rehabilitate himself" was not error (internal quotation marks omitted)); *United States v. Yarbrough*, 774 F. App'x 293, 295 (6th Cir. 2019) (upholding sentence where district judge encouraged defendant to participate in rehabilitative programs while in prison); *United States v. Frost*, 770 F. App'x 744, 745 (6th Cir. 2019) (district judge expressing "hope" that defendant will "take advantage of available, beneficial programs" was not error).

Unless the judge expressly conditions the sentence on the defendant's rehabilitation—like in *Tapia*—we don't remand for resentencing. Examples illustrate this line. We found a *Tapia*

violation when the district judge imposed an above-Guidelines sentence to "give the Bureau of Prisons another chance to do some in-depth rehabilitation with [the defendant]." *Deen*, 706 F.3d at 767 (internal quotation marks omitted). And when the judge stated that the defendant "needed maximum time to recover from an addictive situation." *United States v. Sanders*, 472 F. App'x 376, 382 (6th Cir. 2012). Or when a judge expressly stated that the defendant's above-Guidelines sentence was appropriate because the recommended treatment programs he needed would "take a considerable length of time . . . longer than the period provided by the guidelines." *United States v. Censke*, 449 F. App'x 456, 470 (6th Cir. 2011) (internal quotation marks omitted) (ellipses in original); *see also United States v. Walker*, 649 F.3d 511, 512–13 (6th Cir. 2011) (finding a *Tapia* violation where judge justified the length of defendant's sentence because it would "best serve" both him and society "by ensuring that he received the benefit of all that the government can offer in terms of treatment" (internal quotation marks omitted)). These examples show that we reverse based on *express* statements about the defendant's rehabilitative needs—when they are "the reason" for the sentence. *Gesing*, 599 F. App'x at 239 (quoting *Deen*, 706 F.3d at 768).

In light of these precedents, and looking at Gibson's whole sentencing hearing, the court's comments at resentencing fall comfortably on the permissible side of the *Tapia* line. To start, the judge expressly stated that a Guidelines sentence "[wa]s appropriate" based on the "nature of the violations, [and] the need to protect the public." R. 273, Sprv'd Rel. Hr'g, at p.21–22, PageID 1760–61. This was after he had considered Gibson's mitigating factors—like the time he had spent in custody, that he was a low-level offender, that this was his first violation, his acceptance of responsibility, his allocution, and his stated plans to get a CDL. The judge expressly said that he would not consider the dismissed violations. And he also addressed Gibson's individual circumstances—the fact that he was subject to additional criminal penalties from a pending state

10

charge. Each point reflects the individualized assessment required of sentencing proceedings by the § 3553(a) factors. *E.g.*, 18 U.S.C. § 3553(a)(1) (history and characteristics); *Id.* § 3553(a)(2)(D) (needed educational or vocational training).

Not to mention the prolonged discussion between the judge, defense counsel, and the government about the violations that started the hearing. This discussion ensured both that the judge was aware of the unique circumstances of Gibson's case, and that the sentence would capture the "seriousness of the offense," and so would "provide just punishment." *Id.* § 3553(a)(2)(A).

The judge encouraged Gibson to learn how to set goals and accomplish them. In that light, he stated his hope that Gibson would finish his GED. The judge also addressed Gibson's and his counsel's statements that he hoped to get his CDL. This discussion does not point to impermissible reliance on rehabilitation, but rather to the judge's concern that Gibson had failed to maximize programs previously offered to him and was proceeding down a dangerous path.

Expressing this type of concern for the defendant's well-being is something that we've allowed before. And the comment that Gibson hangs his hat on ("to provide [Gibson] with opportunities to better [himself]") is almost identical to comments by district judges we have previously affirmed. A judge made repeated reference to the opportunities for rehabilitation that the defendant would have in prison: the "opportunity for substance abuse treatment," "the opportunity for mental health treatment," and the "opportunity to rehabilitate himself." *Tolbert*, 459 F. App'x at 548–49. Yet we found no *Tapia* violation. For this reason, no error occurred at Gibson's resentencing. *See also Krul*, 774 F.3d at 375–76 (affirming judge's comments about rehabilitation stemming from the defendant's allocution to "better [him]self" was a permissible expression of hope that the defendant would leverage the "opportunity to rehabilitate").

Finally, Gibson points to *United States v. Adams* to support his error contention. 873 F.3d 512 (6th Cir. 2017). But there, express evidence revealed that the judge was motivated by rehabilitative concerns, akin to the district judge in *Tapia* itself. The parties had discussed the defendant's substance use disorder and the government had suggested that eighteen months was the time required for a "drug addict to successfully battle his addiction." *Id.* at 523. When defense counsel questioned the judge about imposing an eighteen-month sentence, the judge made known rehabilitation was the reason for the length of the sentence. He explained that the sentence was "extensive because you need that long to *reset* and . . . maybe get another chance at remaining clean and sober." *Id.* (internal quotation marks omitted). Accordingly, we reversed because of this impermissible reliance on rehabilitation. And as we've explained, we have no such express statement in this case.

For two more reasons we do not think the judge abused his discretion. First, the judge's discussion about rehabilitation was invited by Gibson. And second, the judge's discussion reflected his obligation to address the party's non-frivolous arguments.

To start, Gibson invited this discussion. At the hearing, Gibson's counsel offered no other justification for her recommended sentence aside from Gibson's lack of education, his ongoing mental health issues, his substance use disorder, and his new willingness to reform. Counsel explained that Gibson "really does need help," with what she suspected was depression. R. 273, Sprv'd Rel. Hr'g, p.16, PageID 1755. And she referenced Gibson's need to finish his GED and a treatment program, focusing on his "consistent pattern" of "not following through" on resources offered to him. *Id.*

So when the district judge spoke about Gibson's personal circumstances, counsel should not have been surprised. As we've previously explained, when the defendant—himself or through

counsel—"invited the discussion of rehabilitation by emphasizing rehabilitation during [their] own statement," no *Tapia* error occurs. *Krul*, 774 F.3d at 373.

Second, we think the district judge permissibly discussed rehabilitation based on his obligation to address non-frivolous arguments raised by the parties. We have repeatedly explained that a district judge has a burden of explanation at sentencing. He must consider the defendant's case individually and base his sentencing decision on the facts presented and the relevant statutory factors. With this discussion on the record, the district judge facilitates our appellate review. *United States v. Simmons*, 587 F.3d 348, 361 (6th Cir. 2009). So when a defendant raises non-frivolous arguments as part of his claim for a lower sentence, the judge has an obligation to show that he "considered the defendant's argument" and, where relevant, the basis for rejecting it. *United States v. Jones*, 489 F.3d 243, 251 (6th Cir. 2007) (internal quotation marks omitted).

Given the time both the government and defense counsel spent discussing Gibson's rehabilitation, it's clear these issues were non-frivolous. And it would have been unreasonable for the district judge to ignore these arguments when he imposed a sentence. Gibson has thus failed to establish that the trial court here committed a *Tapia* violation.

**III.**

Gibson also challenges his sentence for substantive unreasonableness. On his view, the district judge did not adequately explain why he was imposing the two-year statutory maximum. We review claims of substantive unreasonableness for an abuse of discretion. *United States v. Reed*, 72 F.4th 174, 187 (6th Cir. 2023).

"The essence of a substantive-reasonableness claim is whether the length of the sentence is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010) (internal quotation marks

omitted). This inquiry looks at the "totality of the circumstances." *Id.* at 633 (internal quotation marks omitted). But a within-Guidelines sentence, like the one here, bears a "presumption of reasonableness." *United States v. Cunningham*, 669 F.3d 723, 733 (6th Cir. 2012). And though the presumption is rebuttable, the defendant bears a heavy burden to overcome it. *Id.*

Gibson's recommended range was twenty-four to thirty months, limited by the statute's two-year statutory maximum. R. 273, Sprv'd Rel. Hrng, p.12, PageID 1752. The judge imposed the maximum, but that was still at the absolute bottom of the range. For the same reasons that the judge did not commit a *Tapia* violation, Gibson has not carried his heavy burden to overcome the presumption of reasonableness in favor of his within-Guidelines sentence.

The judge expressly stated that a Guidelines sentence "[wa]s appropriate" based on the "nature of the violations, [and] the need to protect the public." *Id.* at p.21–22, PageID 1760–61. This was after he had considered Gibson's mitigating factors—like the time he had spent in custody, his allocution, and his plans to pursue his CDL. The judge also expressly stated that he would not consider the dismissed violations. And he also addressed Gibson's unique circumstances. Each point reflects the individualized sentencing inquiry required of the district judge. *E.g.*, 18 U.S.C. § 3553(a)(1) ("history and characteristics"); *Id.* § 3553(a)(2)(D) ("needed educational or vocational training").

Gibson resists this conclusion, arguing that the judge needed to expressly explain why the statutory maximum was not greater than necessary to serve the purpose of sentencing. But we have noted that the mere fact a within-Guidelines sentence "is at the statutory maximum cannot rebut th[e] presumption [of reasonableness]." *United States v. Wheeler*, 851 F. App'x 592, 596 (6th Cir. 2021). The transcript shows that the judge considered the relevant circumstances in crafting the appropriate sentence for Gibson. Because sentencing is "a matter of reasoned

14

discretion, not math," *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018), this discussion was all that was required of a presumptively reasonable sentence.

## IV.

For the foregoing reasons, we AFFIRM.

**HELENE N. WHITE, Circuit Judge, concurring in the judgment.** I concur in the affirmance.

## I.

It is true, as the dissent explains, that the district court's statement—"[u]nder all of the circumstances, I believe a guideline sentence is appropriate here, considering the nature of the violations, the need to protect the public and *also to provide you with opportunities to better yourself*," (Trial Tr., R. 273, Page ID #1760–61 (emphasis added))—on its face suggests that the district court considered Gibson's need for rehabilitation in setting the length of his twenty-four-month guideline sentence. Thus, it is reasonable to simply take the district court at its word and conclude that it considered an impermissible factor.

On the other hand, as the lead opinion discusses, our task is to make a holistic determination whether the sentence was driven, at least in part, by an impermissible purpose to promote rehabilitation, and we do that by considering the full sentencing record, not just the words the district court used in stating the sentence. *See, e.g.*, *United States v. Yarbrough*, 774 F. App'x 293, 294–95 (6th Cir. 2019); *United States v. Frost*, 770 F. App'x 744, 745–46 (6th Cir. 2019); *United States v. Tolbert,* 459 F. App'x 541, 548–49 (6th Cir. 2012).

In my view, this case is in virtual equipoise, but ultimately calls for affirmance. The record adequately supports that the sentence was chosen based on permissible factors—Gibson's history and characteristics, his supervised-release violations, the need for appropriate punishment, the need to protect the public, and the correctly scored sentencing guideline, which recommended a minimum (and maximum) sentence of twenty-four months—and that the district court simply observed, in the context of the prior extended discussion of Gibson's seeming inability to take advantage of the services offered to him, that Gibson will again have that opportunity while serving

16

his sentence. Unlike in cases where we reversed and remanded based on a *Tapia* error, there is little reason, other than the court's final statement, to believe that the length of Gibson's twenty-four-month sentence was driven by a desire to give him sufficient time to take advantage of rehabilitative services while incarcerated.

## II.

I agree with the lead opinion that the question whether a *Tapia* error is procedural, or substantive, is worthy of this court's consideration and several factors counsel in favor of concluding that the error is procedural. However, because the issue is not necessary to our decision and only the government has seriously addressed the issue—defendant simply relies on our prior decisions treating the error as substantive—I would not address the issue in this appeal.

**CLAY, Circuit Judge, dissenting.** Defendant Duane Gibson appeals his incarceration sentence for various drug offenses, arguing that the district court impermissibly considered his rehabilitative needs during sentencing in violation of *Tapia v. United States*, 564 U.S. 319 (2011), and thus rendered the sentence substantively unreasonable. At sentencing, the district court named three considerations in favor of Gibson's sentence of imprisonment: (1) the nature of his violations, (2) the need to protect the public, and (3) rehabilitative opportunities. In so doing, the court partially relied on rehabilitative concerns to determine Gibson's sentence, which *Tapia* forbids. Because I would hold that a *Tapia* error occurred, I respectfully dissent.

## I.    BACKGROUND

In 2019, Defendant Gibson was sentenced to twenty-two months in prison and thirty-six months of supervised release on account of drug related offenses. In May 2023, while on supervised release, Gibson was arrested and charged with two felony counts of possession with intent to deliver controlled substances. During sentencing for the latter offenses, the district court discussed Gibson's lack of motivation and failures to follow through with completing his education. The district court also addressed Gibson's failure to follow through with past treatment programs:

> You need to stay away from controlled substances. Sometimes that's something you just cannot do on your own. You need help. It's been offered, but you didn't take it up. There are people in our probation department that I think are very capable of providing assistance, but you have to at least meet them halfway, and you haven't done that. That's my concern.

Trial Tr., R. 273, Page ID #1759–60. In calculating Gibson's sentence, the district court mentioned that it had factored in the time Gibson had already spent in custody and would not consider any discharged violations. The court set Gibson's advisory guideline range at twenty-four to thirty months, capped at twenty-four months, and both parties agreed to this range. The court proceeded

18

to announce that "under all of the circumstances, . . . a guideline sentence is appropriate here, considering the nature of the violations, the need to protect the public and also to provide [Gibson] with opportunities to better [himself]." *Id*. at Page ID #1760–61. The district court then imposed a sentence of twenty-four months in custody with no supervised release to follow. Defense counsel did not raise any objections during sentencing. In December 2023, this appeal followed.

Defendant Gibson derives his appeal from *Tapia v. United States*, where the Supreme Court held that "a court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." 564 U.S. 319, 335 (2011). The Court reached this conclusion by "analyzing the statutory interplay between 18 U.S.C. § 3553(a), which lists rehabilitation as a factor to be considered in imposing a sentence, and 18 U.S.C. § 3582(a)," which recognizes that "imprisonment is not an appropriate means of promoting correction and rehabilitation." *United States v. Adams*, 873 F.3d 512, 520–21 (6th Cir. 2017). While a district court "commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs," it may not use these considerations to justify a sentence of incarceration. *Tapia*, U.S. 319 at 334.

## II. DISCUSSION

### A. Standard of Review: Procedural or Substantive Claim

Because defense counsel did not object to the district court's sentence, this case presents the legal question of whether Gibson's *Tapia* claim is procedural or substantive. At a sentencing hearing, both parties must "object to rulings by a court in order to preserve them for appeal." *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008). If a party fails to object, he "forfeits the argument and may obtain relief on appeal only if the error is 'plain' and 'affects substantial rights.'" *Id*. (citation omitted). This means that if the claim is procedural, we review for plain

error; but if it is deemed substantive, we may review for abuse of discretion. *See United States v. Solano-Rosales*, 781 F.3d 345, 355–56 (6th Cir. 2015).

Sentencing errors are generally reviewed for abuse of discretion and may be either procedural or substantive. *See Gall v. United States*, 552 U.S. 38, 51 (2007). That said, this Court has not yet resolved "what falls in the procedural versus substantive prong of the analysis." *Adams*, 873 F.3d at 520. The Supreme Court has identified examples of "significant" procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *See Gall*, 552 U.S. at 51.

In the absence of such an error, we move to substantive unreasonableness, which exists when a sentence is not "proportionate to the seriousness of the circumstances of the offense and offender." *See Solano-Rosales*, 781 F.3d at 356 (citation omitted). A sentence may be substantively unreasonable when "the district court 'selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Price*, 901 F.3d 746, 749 (6th Cir. 2018) (citation omitted); *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005). This Court regards within-guidelines sentences as presumptively reasonable. *United States v. Mullet*, 822 F.3d 842, 854 (6th Cir. 2016). "Unlike procedural reasonableness claims, an appeal arguing that a sentence is substantively unreasonable is not subject to plain error review for failure to object at the sentencing hearing." *See Solano-Rosales*, 781 F.3d 345, 356 (6th Cir. 2015); *United States v. Thomas-Mathews*, 81 F.4th 530, 538 (6th Cir. 2023). This means that if Gibson's

*Tapia* violation is deemed substantive, we should review it for abuse of discretion despite his counsel's failure to object.

The majority suggests that *Tapia* errors should be reviewed as procedural, but this Court has repeatedly reviewed such errors as substantive. *Adams*, 873 F.3d at 520 (citing *United States v. Walker*, 649 F.3d 511, 513–14 (6th Cir. 2011)); *United States v. Tolbert*, 668 F.3d 798, 803 (6th Cir. 2012) (reviewing *Tapia* claim for substantive reasonableness); *United States v. Deen*, 706 F.3d 760, 762 (6th Cir. 2013) (noting that "[b]asing a sentence on impermissible factors [such as rehabilitation] is an example of substantive unreasonableness"); *see also United States v. Turlin*, 486 F. App'x 588, 590–91 (6th Cir. 2012) (observing that "where defendants raised *Tapia* violations on direct appeal, we reviewed the sentences for substantive reasonableness under an abuse-of-discretion standard").[1]  Because our precedent dictates that a *Tapia* error is substantive, it should be reviewed for an abuse of discretion.

## B. Analysis

The law is clear that "imprisonment is not an appropriate means of promoting correction and rehabilitation," 18 U.S.C. § 3582(a), and that district courts "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." *Tapia*, 564 U.S. at 335. While a court may discuss the rehabilitative options available in prison and even express hope that a defendant will participate in them, that discussion "must not be [the court's] explanation for the sentence it imposes," and importantly, there must be

---

[1] Although this Court has reviewed *Tapia* violations as substantive, some sister circuits have opted to review them as procedural. *See United States v. Holdsworth*, 830 F.3d 779, 783-85 (8th Cir. 2016); *United States v. Vandergrift*, 754 F.3d 1303, 1309-10 (11th Cir. 2014).

"a rationale independent of rehabilitative concerns." *United States v. Rucker*, 874 F.3d 485, 488 (6th Cir. 2017); *see United States v. Frost*, 770 F. App'x 744, 745 (6th Cir. 2019).

*Tapia* requires reversal "where there is an identifiable basis for concluding that the district court based the length of the sentence of incarceration in part on rehabilitation." *United States v. Krul*, 774 F.3d 371, 372 (6th Cir. 2014); *see Tapia*, 564 U.S. at 334–35 (holding that the district court incorrectly imposed a sentence "long enough to get the 500 Hour Drug Program"). This means that "when the judge relies on rehabilitative goals to set the length of a prison term, such as by extending the time in prison to complete a drug-treatment program," the sentence violates *Tapia*. *United States v. Yarbrough*, 774 F. App'x 293, 294 (6th Cir. 2019). Similarly, "a court may not impose . . . a prison sentence . . . to promote rehabilitation." *Tapia*, 564 U.S. at 335.

The record plainly demonstrates that Gibson's sentence was based, at least *in part*, on rehabilitative concerns. *See Krul*, 774 F.3d at 372 (holding that reversal is required "where there is an identifiable basis for concluding that the district court based the length of the sentence of incarceration *in part* on rehabilitation" (emphasis added)). The words "in part" go ignored by the majority but should be central to our analysis in this case. During sentencing, the district court addressed Gibson's failure to follow through with treatment programs, and concluded that "under all of the circumstances, . . . a guideline sentence is appropriate here." Trial Tr., R. 273, Page ID #1760. The court then listed three considerations, namely, "[1] the nature of [Gibson's] violations, [2] the need to protect the public and also [3] to provide [Gibson] with opportunities to better [himself]," and proceeded to sentence him to a term of twenty-four months imprisonment. *Id*. at Page ID #1760–61. By enumerating these three reasons as the basis for Gibson's sentence, the court considered, in part, Gibson's "opportunities to better [himself]" in prison, which is an impermissible factor at sentencing. *See Tapia*, 564 U.S. at 335.

To be sure, rehabilitation was only one of three factors offered by the court's sentencing calculation for Gibson; however, *Krul* does not permit it to be a factor at all. *See* 774 F.3d at 372. The majority correctly states that the district court may discuss rehabilitative concerns during sentencing and express hope that a defendant will participate in a treatment program or otherwise improve their lifestyle.[2] *See United States v. Frost*, 770 F. App'x 744, 745 (6th Cir. 2019). But expressing these opinions is a far cry from using them to justify a prison sentence, even if other permissible factors do exist. *See United States v. Adams*, 873 F.3d 512, 523 (2017) (holding that "the district court's consideration of general rehabilitative goals when calculating [the defendant's] sentence [was] a violation of *Tapia*"); *see also United States v. Walker*, 649 F.3d 511, 512–14 (6th Cir. 2011) (remanding a case when the district court relied on factors such as the defendant's record, the nature of the offense, and the need for drug treatment in imposing an above-guidelines sentence). Because the district court considered rehabilitation as one of three factors in sentencing Gibson to a term of imprisonment, it violated *Tapia*.

The majority claims that such a reading would require district judges to expressly disclaim all reliance on rehabilitation during sentencing. But the only real requirement is to not name rehabilitation as a factor in imposing or lengthening an incarceration sentence. While a district court may discuss rehabilitation or express an opinion on how a defendant should spend their time in prison, it "may not impose or lengthen a prison sentence," even in part, to advance those goals.

---

[2] The majority cites *United States v. Collier*, *Tolbert*, *Yarbrough*, and *Frost* to show that a sentencing judge may reference rehabilitative concerns during sentencing. But these cases all describe situations where the court expressed hope that a defendant would participate in a treatment program or encouraged them to do so, instead of couching rehabilitative concerns as a sentencing factor such as the case here. 506 F. App'x 459, 464–65 (6th Cir. 2012); 459 F. App'x at 548–49; 774 F. App'x at 294; 770 F. App'x at 745.

*Tapia*, 564 U.S. at 335; *Krul*, 774 F.3d at 372. This means that while the general discussion at sentencing may incorporate some of these concerns, the court cannot cite them in its explanation for why it has imposed or lengthened a defendant's sentence.

In striking this balance, district courts would be wise to emphasize the permissible over the impermissible. We have held in *Adams* that when a district court engaged in "extensive discussion of permissible factors" prior to sentencing, there was no sufficient basis for concluding that it chose to impose a sentence in part based on rehabilitative concerns (however, this Court did find a *Tapia* violation regarding the *length* of the defendant's sentence). 873 F.3d at 522. In *Adams*, the only phrase suggestive of a *Tapia* violation was the court's remark that the defendant's imprisonment sentence was "not a punishment, per se," but rather "a recognition that there is just nothing left for us, unfortunately." *Id.*

*Adams* differs from the present case, where the district court's discussion at sentencing focused largely on Gibson's failure to follow through with treatment and education programs. The district court emphasized the various times that Gibson was offered professional help and turned it down, observed that Gibson could not "stay away from controlled substances" on his own, and described Gibson's problem as one of "motivation." Trial Tr., R. 273, Page ID #1759–61. While these concerns are valid and may certainly be expressed, they dominated the court's explanation of the sentence in the moments prior to the court's imposition of Gibson's guideline sentence, unlike the court's "extensive discussion of permissible factors" in *Adams*. 873 F.3d at 522. Likewise, this Court has remanded for resentencing when "the bulk of the court's explanation for the sentence [was] couched in rehabilitative terms." *Rucker*, 874 F.3d at 488 (remanding when the record "suggest[ed] the possibility that the district court based [the defendant's] sentence on his rehabilitative needs"). In the present case, the district court's discussion on Gibson's refusing

help, read in tandem with its reasoning that the sentence would "provide [him] with opportunities to better [himself]," creates an identifiable basis for concluding that Gibson's sentence was imposed in part based on rehabilitative concerns. *Id.* at Page ID #1761.

The court's rationale is less clear regarding the specific length of Gibson's within-guidelines prison sentence, which it set at twenty-four months. *See United States v. Sanders*, 472 F. App'x 376, 382 (6th Cir. 2012) (remanding for reconsideration when a district court's statements about rehabilitation at sentencing were merely ambiguous "to reduce confusion and ensure correctness"). Notwithstanding any ambiguity pertaining to the sentence's length, I find no ambiguity by the court in naming rehabilitative concerns as one of the court's three factors in imposing Gibson's prison sentence, and *Tapia* forbids this. *Tapia*, 564 U.S. at 335.

### III. CONCLUSION

Because Gibson's rehabilitative needs were considered in the district court's sentencing calculus as one of three factors, a *Tapia* violation occurred and thus Gibson's sentence is also substantively unreasonable. *See Adams*, 873 F.3d at 523 (holding that a district court's sentence was substantively unreasonable when it improperly considered the defendant's rehabilitative goals).

I therefore respectfully dissent.